IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBIN DUKE BURGESS, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 99-AR-1655-S |
| ALABAMA POWER FOUNDATION, } | |
| INC., } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

The court has before it a motion filed by plaintiff, Robin Duke Burgess ("plaintiff"), pursuant to Rule 60(b), F.R.Civ.P., to set aside the consent order of dismissal entered on November 6, 2000. To grant plaintiff's motion would require an abrogation of the written settlement agreement executed by and between plaintiff, defendant, Alabama Power Foundation, Inc. and former defendant, Alabama Power Company. That agreement expressly provides for confidentiality. Defendant understandably has proffered the agreement in defense of plaintiff's motion. It has been received and placed under seal. Despite the confidentiality provisions, and the order sealing the agreement, the court finds it necessary to recite certain pertinent provisions, *viz*:

> "Burgess hereby RELEASES and WAIVES **all claims**, actions, damages, grievances, causes of action of any type, the right to which he now has, **whether known or unknown**, which concern, or arise out of her employment with APCO and the Foundation..." (emphasis supplied).

> "The claims and rights hereby RELEASED and WAIVED by Burgess for which accord and satisfaction are hereby



acknowledged, include, **but are not limited to,** all claims which were raised, or could have been raised, in Case No. CV-99-AR-1655-S"... (emphasis supplied).

"Burgess covenants not to sue and agrees and acknowledges that **if she institutes, or causes to be instituted, or allows to be instituted on her behalf, any claim**, action, cause of action, complaint, or charge, **related, directly, or indirectly to any matter or event occurring on or before the date of this settlement agreement...** Burgess will indemnify and hold harmless APCO, the Foundation and the entities and persons hereby released." (emphasis supplied).

"Burgess represents and acknowledges that... she understands that this settlement agreement releases and waives known **and unknown claims and rights** and has important and legal consequences." (emphasis supplied).

"Burgess and APCO and the Foundation represent and acknowledge that **no promise, inducement, or agreement other than what is expressed herein has been made and that this Settlement Agreement contains the entire understanding and agreement of the parties**. (emphasis supplied).

"Burgess represents and acknowledges that her signature herein shows that she has decided **knowingly, voluntarily, freely and without coercion...** to execute this settlement agreement..." (emphasis supplied).

Plaintiff's present counsel may not have seen the settlement agreement, because by the terms of the agreement plaintiff could not show it to her present counsel. If plaintiff violated her agreement and did show it to her present counsel, present counsel would have seen the above-quoted passages of the agreement and should have concluded, as this court has concluded, that if it is possible to draft an agreement that will survive a charge of fraud in the inducement, this is it.

Plaintiff has demanded an evidentiary hearing. Such a hearing

could not alter the dispositive, undisputed fact of plaintiff's signature on the airtight settlement agreement. This court finds, as a matter of law, that plaintiff has waived any claim for fraud in the inducement. This finding vitiates any need for an evidentiary hearing. Such a hearing would only increase plaintiff's exposure to liability for attorneys fees incurred by defendant in defense of the Rule 60(b) motion. By saying this, the court does not mean to invite a claim by defendant against plaintiff for attorneys fees, a claim which would have to be made in a separate contract action.

For these reasons, plaintiff's motion will be denied by separate order.

DONE this 18th day of September, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE